Vanessa R. Waldref
United States Attorney
Eastern District of Washington
Stephanie Van Marter
Assistant United States Attorney
P.O. Box 1494
Spokane, WA 99210-1494
Telephone: (509)353-2767

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>JERROD JUSTIN HALE,<br><br>Defendant. | No. 4:21-CR-06008-SMJ-3<br><br>MOTION FOR ENTRY OF A PRELIMINARY ORDER OF FORFEITURE<br><br>Hearing Date and Time:<br>January 3, 2022 at 6:30 p.m.<br><br>Without Oral Argument |

The United States of America, by its undersigned counsel, respectfully submits its Motion for Entry of a Preliminary Order of Forfeiture in the above-entitled case for the reasons set forth below.

1. On April 14, 2021, Defendant, JERROD JUSTIN HALE, was charged in the Eastern District of Washington, by a Superseding Indictment, with Conspiracy to Distribute 400 grams or more of Fentanyl and 50 grams or more of Actual (Pure) Methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(vi), 846 (Count 1); Possession with the Intent to Distribute 400 Grams or More of Fentanyl (Count 5),

Motion for Entry of a Preliminary Order of Forfeiture  1

in violation of 21 US.C. F. Supp. 2d 841(a)(1), (b)(1)(A)(vi); Possession with the Intent to Distribute 50 Grams or More of Actual (Pure) Methamphetamine (Count 6); and Felon in Possession of a Firearm, in violation of 18 U.S.C. § § 922(g)(1), 924(a)(2). ECF No. 73.

2.  The Superseding Indictment also contained a notice of criminal forfeiture putting Defendant on notice that the United States is seeking forfeiture of assets pursuant to 21 U.S.C. § 853 and/or 18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c), as follows:

- $8,942.00 U.S. currency; and,

- a Ruger LCP .380 caliber pistol, bearing serial number 371903965.

- Any and all seized ammunition and accessories, including:

   Forty-nine (49) .380 rounds with a stamp of *I*;
   Forty (40) .380 rounds with a stamp of "Federal Auto";
   Thirty-five (35) .380 rounds with a stamp of "Win Auto"; and, Twenty-six (26) .380 rounds with a stamp of "ACP Tulammo.
   all contained in a black case; and,

   Fifteen (15) loose rounds of .380 ammo stamped "Win Auto"; and,
   a loaded magazine.

3.  On December 1, 2021, Defendant, JERROD JUSTIN HALE, entered into a Plea Agreement and plead guilty to Counts 1 and 8 of the Superseding Indictment, charging him with Conspiracy to Distribute 400 grams or more of Fentanyl and 50 grams or more of Actual (Pure) Methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(vi), 846; and Felon in Possession of a Firearm, in violation of

Motion for Entry of a Preliminary Order of Forfeiture  2

18 U.S.C. §§ 922(g)(1), 924(a)(2), and agreed to the forfeiture of the above-listed assets. ECF No. 163 at 23 - 24.

4.  The Court's jurisdiction in this matter is founded upon 21 U.S.C. § 853(l), which provides that, "The district courts of the United States shall have jurisdiction to enter orders as provided in this section without regard to the location of any property which may be subject to forfeiture under this section or which has been forfeited under this section."

5.  Rule 32.2, Federal Rules of Criminal Procedure, provides, in part:

(b) Entering a Preliminary Order of Forfeiture.

(1) Forfeiture Phase of the Trial.

(A) Forfeiture Determinations. As soon as practical after a verdict or finding of guilty, or after a plea of guilty or nolo contendere is accepted, on any count in an indictment or information regarding which criminal forfeiture is sought, the court must determine what property is subject to forfeiture under the applicable statute. If the government seeks forfeiture of specific property, the court must determine whether the government has established the requisite nexus between the property and the offense. If the government seeks a personal money judgment, the court must determine the amount of money that the defendant will be ordered to pay.

(B) Evidence and Hearing. The court's determination may be based on evidence already in the record, including any written plea agreement, and on any additional evidence or information submitted by the parties and accepted by the court as relevant and reliable. If the forfeiture is contested, on either party's request the court must conduct a hearing after the verdict or finding of guilty.

(2) Preliminary Order.

(A) Contents of a Specific Order. If the court finds that property is subject to forfeiture, it must promptly enter a preliminary order of forfeiture setting forth the amount of any money judgment, directing the forfeiture of specific property, and directing the forfeiture of any substitute

Motion for Entry of a Preliminary Order of Forfeiture  3

property if the government has met the statutory criteria. The court must enter the order without regard to any third party's interest in the property. Determining whether a third party has such an interest must be deferred until any third party files a claim in an ancillary proceeding under Rule 32.2(c).

(B) Timing. Unless doing so is impractical, the court must enter the preliminary order sufficiently in advance of sentencing to allow the parties to suggest revisions or modifications before the order becomes final as to the defendant under Rule 32.2(b)(4).

6. Based upon the Defendant's guilty pleas to the Conspiracy to Distribute 400 grams or more of Fentanyl and 50 grams or more of Actual (Pure) Methamphetamine, and Felon in Possession of a Firearm violations, the United States has established the requisite nexus between the assets listed herein and the offenses to which the Defendant has pleaded guilty. Accordingly, the assets listed herein are subject to forfeiture to the United States pursuant to 21 U.S.C. § 853 and/or 18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c):

7. Upon issuance of a Preliminary Order of Forfeiture and pursuant to Fed. R. Crim. P. 32.2(b)(6)(C) and 21 U.S.C. § 853(n)(1), the United States will post notice of this order on the official government internet site (www.forfeiture.gov) for at least 30 consecutive days.

8. The United States may also, to the extent practicable, provide direct written notice to any person known to have alleged an interest in the property that is the subject of the Preliminary Order of Forfeiture, as a substitute for posted internet notice as to those persons so notified.

Motion for Entry of a Preliminary Order of Forfeiture  4

WHEREFORE, the United States respectfully requests that this Court enter a Preliminary Order of Forfeiture forfeiting to the United States the forfeitable assets described herein. A proposed Preliminary Order of Forfeiture is attached hereto.

DATED: December 3, 2021

                              Vanessa R. Waldref
                              United States Attorney

                              *s/ Stephanie Van Marter*
                              Stephanie Van Marter
                              Assistant United States Attorney

Motion for Entry of a Preliminary Order of Forfeiture  5

## CERTIFICATE OF SERVICE

I hereby certify that on December 3, 2021, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System which will send notification of such filing to the following CM/ECF participant(s):

Tim Nguyen
timnguyen@troyleelaw.net

                                           *s/ Stephanie Van Marter*
                                           Stephanie Van Marter
                                           Assistant United States Attorney

Motion for Entry of a Preliminary Order of Forfeiture  6