Tim Nguyen
TROY LEE & ASSOCIATES
117 N. 3rd Street, Suite 201
Yakima, WA  98901

Attorney for Defendant
Jerrod Justin Hale

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | 4:21-CR-6008-SMJ-3 |
| | ) | |
| Plaintiff, | ) | Memorandum in Support of |
| | ) | Motion to Re-Open Detention |
| vs. | ) | Hearing and For Order of |
| | ) | Release |
| JERROD JUSTIN HALE, | ) | |
| | ) | **WITH ORAL ARGUMENT** |
| | ) | |
| Defendant. | ) | **December 15, 2021 at 1:30 p.m.** |
| _____ | ) | |

TO:   VANESSA R. WALDREF, UNITED STATES ATTORNEY
      STEPHANIE VAN MARTER, ASSISTANT UNITED STATES ATTORNEY

The defendant, Jerrod Justin Hale, submits the following memorandum in support of his motion to re-open the detention hearing in this matter and for an order of release:

**Background**

Mr. Hale is charged with Conspiracy and possession with intent to Distribute 400 grams or more of fentanyl and methamphetamine. Additionally, one count of felon in

1

possession of a firearm. He initially appeared before this court on March 4, 2021 and entered a plea of not guilty to the charge. ECF No. 23. The Government sought detention and counsel reserved his right to reopen detention. ECF Nos. 26 and 45. Probation services interviewed Mr. Hale recently and after verifying all his information, recommended that Mr. Hale not to be released and/or no combination or conditions can assure reappearance/ ECF No 169. While in custody, Mr. Hale has not had any violations and has undergone a substance abuse evaluation. Exhibit A. That evaluation determined that Mr. Hale suffers from alcohol/drug dependencies and is recommending inpatient treatment followed by outpatient treatment.

Mr. Hale has since entered a guilty plea and is awaiting sentencing. ECF 167.

## **Analysis**

1. Motion to Re-Open Bail Hearing

Under 18 U.S.C. § 3142(f)(2) a detention hearing may be reopened "at any time before trial," based upon new information relevant to the issue of the court's detention order. In this case, the new information that justifies the Court's consideration of detention is that Mr. Hale has obtained a treatment evaluation while in custody (filed separately) and probation services has verified and living arrangements upon if released.

2. Motion for Order of Release

Federal law favors release of a criminal defendant awaiting trial. "Only in rare

circumstances should release be denied." *United States v. Motamedi*, 767 F.2d 1403, 1405 (9th Cir. 1985). Any "[d]oubts regarding the propriety of release should be resolved in favor of the defendant." *Id*.

The Bail Reform Act requires the court to impose the least restrictive conditions of bail that can reasonably assure the defendant's appearance at trial and safety to the community. The first preference under the Act is release on personal recognizance or upon execution of an unsecured appearance bond. 18 U.S.C. § 3142(b). If these minimal requirements are not sufficient, the court may then consider release pursuant to various conditions. 18 U.S.C. § 3142(c). Again, the conditions imposed must be the least restrictive possible. Only when faced with the limited set of circumstances set forth at 18 U.S.C. § 3142(f)(1)&(2) can a federal court order pretrial detention.

Mr. Hale is requesting his release into inpatient treatment and then on electronic home monitoring while this case is pending. The plan is to release him directly into the custody of the treatment provider. Counsel was informed that if the motion was granted, I would be able to directly contact the treatment provider and that a bed would be made available.

After inpatient, Mr. Hale is requesting to be placed on electronic home monitoring at his sister's residence, which would allow him to complete and begin outpatient treatment.

3

In this case, counsel believes they are a combination of conditions that would assure reappearance as well as law abiding behavior. For example, Mr. Hale has been evaluated by an accredited treatment facility in Washington State. That treatment facility recommends that he go into inpatient treatment and then attend outpatient treatment while this case is pending.

As the pretrial services report indicates, Mr. Hale will be able to stay at his sister's home while this case is pending. He has no issues with being placed on home monitoring or paying for the related charges. His sister, brother-in-law and their children will be residing with him. Counsel was able to talk to his brother-in-law that has represented he can get him employed and will be able to take him to court and other proceedings if needed.

There will inevitably be concerns about Mr. Hale's criminal and warrant/failure to appear history. Ultimately, Mr. Hale suffers from drug/alcohol addictions and that addiction drastically affects his ability to function. If that condition is treated, combined with a support system, Mr. Hale could succeed, will reappear and abide by any conditions that this Court would set. Finally, Mr. Hale's family has represented that the household is a clean and sober household, which would drastically aid in Mr. Hale's sobriety and compliance.

WHEREFORE Mr. Hale respectfully request that this court re-open detention and

release him into inpatient treatment and then to home confinement while the case is pending.

DATED this 7th day of December, 2021

Respectfully Submitted,

s/ Tim Nguyen
Attorney for Defendant, WSBA #50579
117 North 3rd Street, Suite 201
Yakima, WA  98901
Phone: (509) 452-6235
Fax:   (509) 452-2518

CERTIFICATE OF SERVICE

I hereby certify that on December 7, 2021, I electronically filed Defendant's Memorandum in Support of Motion to Re-Open Bail Hearing and for Order of Release with the Clerk of the Court using the CM/ECF System which will send notification of such filing to the following: Stephanie Van Marter, Assistant United States Attorney.

s/ Tim Nguyen
Attorney for Defendant, WSBA #50579
117 North 3rd Street, Suite 201
Yakima, WA 98901
Phone: (509) 452-6235
Fax: (509) 452-2518
