Vanessa R. Waldref
United States Attorney
Eastern District of Washington
Stephanie Van Marter
Assistant United States Attorney
P.O. Box 1494
Spokane, WA 99210-1494
Telephone: (509)353-2767

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 4:21-CR-06008-SMJ-3 |
| Plaintiff, | NOTICE OF PRELIMINARY ORDER OF FORFEITURE |
| vs. | |
| JERROD JUSTIN HALE, | |
| Defendant. | |

TO:   Chani Brisby

1.   DATE OF NOTICE:        April 15, 2022

2.   PETITION DEADLINE:    May 15, 2022

3.   PRELIMINARY ORDER OF FORFEITURE:  The Preliminary Order of Forfeiture having been entered on January 11, 2022 (ECF No. 181), the United States hereby gives notice of its intention to dispose of the property described in the Preliminary Order of Forfeiture in such a manner as the United States Attorney General may direct.

NOTICE OF PRELIMINARY ORDER OF FORFEITURE          1

4.   FILING AN ANCILLARY PETITION:  Any persons or entities, other than the Defendants or an agent of the Defendants, having or claiming a legal right, title or interest in the aforementioned property may petition the United States District Court for the Eastern District of Washington, no later than the petition deadline stated in this notice, for a hearing to adjudicate the validity of his/her alleged interest in the property pursuant to Fed. R. Crim. P. 32.2, and 21 U.S.C. § 853(n). If a hearing is requested, it shall be held before the Court alone, without a jury.  Petitioners will bear the burden of proof in all such cases.  Petitions that fail to allege an interest sufficient to maintain a claim under § 853(n) shall be subject to dismissal without a hearing.

5.   CONTENTS OF THE ANCILLARY PETITION:  The petition shall be signed by the petitioner under penalty of perjury and shall identify the particular property or properties in which the petitioner claims a legal right, title or interest; the nature and extent of the such right, title or interest in each property; the time and circumstances of the petitioner's acquisition of the right, title and interest in each property; and any additional facts and documents supporting the petitioner's claim and the relief sought.  *See* 21 U.S.C. § 853(n)(3) and Fed. R. Crim. P. 32.2. Corporate persons may only file claims if represented by counsel.

6.   FILING WITH THE COURT AND SERVICE ON THE UNITED STATES:  All such petitions must be filed with the Office of the Clerk, United States District Court for the Eastern District of Washington, West 920 Riverside, Spokane, Washington, 99201, (P.O. Box 1493, Spokane, Washington, 99210-1493), and a copy

NOTICE OF PRELIMINARY ORDER OF FORFEITURE     2

served on the government attorneys, Assistant United States Attorneys, Brian M. Donovan and Stephanie Van Marter, at P.O. Box 1494, Spokane, Washington 99210-1494.

7.  ANCILLARY HEARING: A hearing on the petition shall, to the extent practicable and consistent with the interests of justice, be held within thirty (30) days of the filing of the petition. The Court may consolidate the hearing on the petition with a hearing on any other petition filed by a person other than any of the defendant(s) named above. The petitioner may testify and present evidence and witnesses on his/her own behalf and cross-examine witnesses who appear at the hearing.

8.  PETITIONS FOR REMISSION OR MITIGATION: The government may also consider granting petitions for remission or mitigation, which pardon all or part of the property from the forfeiture. A petition must include a description of your interest in the property supported by documentation; include any facts you believe justify the return of the property; and be signed under oath, subject to the penalty of perjury, or meet the requirements of an unsworn statement under penalty of perjury. *See* 28 U.S.C. Section 1746. For the regulations pertaining to remission or mitigation of the forfeiture, see 28 C.F.R. Sections 9.1 - 9.9. The criteria for remission of the forfeiture are found at 28 C.F.R. Section 9.5(a). The criteria for mitigation of the forfeiture are found at 28 C.F.R. Section 9.5(b). The petition for remission need not be

NOTICE OF PRELIMINARY ORDER OF FORFEITURE    3

made in any particular form and may be filed online or in writing. *See* 28 C.F.R. Section 9.3(a).

The https://www.forfeiture.gov/FilingPetition.htm website provides access to a standard petition for remission form that may be mailed and the link to file a petition for remission online. If you cannot find the desired assets online, you must file your petition for remission in writing by sending it to Assistant United States Attorneys Brian M. Donovan and Earl A. Hicks, 920 W. RIVERSIDE AVE., ROOM 300, P.O. BOX 1494, SPOKANE, WA 99210-1494. This website provides answers to frequently asked questions (FAQs) about filing a petition for remission. You may file both an ancillary petition with the court and a petition for remission or mitigation

**If you fail to file a petition to assert your right, title or interest in the above-described property, by the date indicated on this direct notice, your right, title and interest in this property shall be lost and forfeited to the United States. The United States then shall have clear title to the property described in the Preliminary Order of Forfeiture and may warrant good title to any subsequent purchaser or transferee.**

            Vanessa R. Waldref
            United States Attorney

            *s/ Stephanie Van Marter*
            Stephanie Van Marter
            Assistant United States Attorney

NOTICE OF PRELIMINARY ORDER OF FORFEITURE    4